**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 14, 2018
Decided February 15, 2018

*Before*

WILLIAM J. BAUER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 17-2798

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 16-CR-40041-JPG-1 |
| MARSHALL W. DUTY, *Defendant-Appellant*. | J. Phil Gilbert, *Judge*. |

**O R D E R**

Marshall W. Duty pleaded guilty to one count of conspiring to manufacture and distribute methamphetamine and one count of distributing methamphetamine within 1,000 feet of public housing. *See* 21 U.S.C. §§ 841(a)(1), 846 & 860. Duty had sold crystal methamphetamine twice to a confidential source and six times to an undercover officer. He also had traded pseudoephedrine for methamphetamine and sometimes had cooked methamphetamine himself. The district court calculated a guidelines imprisonment range of 121 to 151 months and sentenced Duty to concurrent terms of 120 months on each count. Among other things, the sentencing court noted Duty's prior conviction and 48-month imprisonment term for an earlier drug crime.

Duty filed a notice of appeal, but his appointed lawyer says the appeal is frivolous and moves to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Duty

has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses the issues that a case of this kind might be expected to involve. Because the analysis in the brief appears to be thorough, we limit our review to the potential issues that counsel discusses. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel reports that he consulted with Duty and confirmed that he does not want to withdraw his guilty plea; thus, counsel rightly refrains from further exploring whether the plea was knowing and voluntary. *See United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel first considers whether Duty could challenge the reasonableness of the below-guidelines sentence. We agree with counsel that this challenge would be frivolous. A below-guidelines sentence is presumed not to be unreasonably high, *United States v. White*, 868 F.3d 598, 603 (7th Cir. 2017), and counsel finds nothing in the record to rebut that presumption here. Nor does counsel identify any plausible challenge to the guidelines calculation, which was uncontested in the district court.

Counsel contemplates whether the district court adequately considered Duty's arguments in mitigation. But the district court acknowledged Duty's principal mitigating factor—that he suffers from various health problems such as emphysema and coronary artery disease—and observed that Duty's health problems did not deter him from committing these offenses, and further opined that they did not otherwise warrant a significant downward variance from the guidelines range.

Duty's attorney next asks whether a claim of ineffective assistance of counsel would be appropriate, but properly recognizes that claims of ineffective assistance are best reserved for a collateral proceeding where an evidentiary foundation can be developed—all the more so when, as here, appellate counsel is the very attorney who represented the defendant at trial. *See Massaro v. United States*, 538 U.S. 500, 504–05 (2003); *United States v. Flores*, 739 F.3d 337, 340–41 (7th Cir. 2014).

Accordingly, we GRANT counsel's motion to withdraw and DISMISS the appeal.